IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRENCE D. HOLDEMAN, and the class of similarly situated individuals and entities,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>MICHAEL W. DEVINE, et al.,<br><br>Defendants. | **ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS, GRANTING MOTION FOR REVIEW, AND VACATING COURT CLERK'S TAXATION OF COSTS**<br><br><br><br><br><br>Case No. 2:02-CV-00365 PGC |

Following a bench trial in this class action, judgment was entered in favor of defendants. Defendants then filed a bill and a memorandum of costs seeking costs under the Employment Retirement Income Security Act (ERISA)[1] and D.U. Civ. R. 54-2. Defendants also filed a motion for attorneys' fees and costs under ERISA, which motion is now before the court.

The representative plaintiffs oppose the motion for attorneys' fees and costs. The court clerk taxed in part the costs defendants requested, reserving for the court plaintiffs' objections. Plaintiffs move for review of the court clerk's taxation of costs.

---

[1] *See* 29 U.S.C. § 1132(g)(1).

The court agrees with plaintiffs.  The court therefore denies defendants' motion for attorneys' fees and costs, grants plaintiffs' motion for review, and vacates the court clerk's taxation of costs.

## BACKGROUND

In this class action, the representative plaintiffs asserted, *inter alia,* causes of action under ERISA for alleged unpaid benefits[2] and for various alleged breaches of fiduciary duty.[3]  After filing their complaint, plaintiffs moved to include the medical-care-provider assignees of the plan participants and beneficiaries as plaintiffs.  The court concluded that the medical-care-provider assignees had standing as to the unpaid benefits claim, but did not have standing as to the breach of fiduciary duty claims.  Subsequently, the court dismissed the unpaid benefits claim, finding as persuasive authorities concluding that such claims had to be asserted against the plan or entity responsible for funding the plan.  The court then dismissed the provider assignees for lack of standing.

The court also dismissed the breach of fiduciary claims to the extent they were brought in plaintiffs' individual capacities, but allowed plaintiffs to proceed in a representative capacity.  The court additionally dismissed all but one defendant for lack of evidence.  As to the remaining defendant, Michael W. Devine, the court granted summary judgment against plaintiffs on all but one of their breach of fiduciary duty claims.

---

[2]*See* 29 U.S.C. § 1132(a)(1)(B).

[3]*See* 29 U.S.C. § 1132(a)(2).

Following a bench trial, the court concluded that Mr. Devine did not breach any fiduciary duties. On November 1, 2005, judgment was entered in favor of defendants. On November 21, 2005, defendants filed a bill of costs, supported by a memorandum of costs, seeking $11,387.16 in costs pursuant to D.U. Civ. R. 54-2 and 29 U.S.C. § 1132(g). On November 30, 2005, defendants filed a motion seeking $288,413.50 in attorneys' fees and $11,387.16 in costs under Rule 11, 23 U.S.C. § 1927, and 29 U.S.C. § 1132(g). Shortly thereafter, defendants filed an amended motion withdrawing their Rule 11 and Section 1927 claims for fees and costs, leaving only their ERISA Section 1132(g) claims. Plaintiffs then filed objections to the bill of costs and the amended motion for attorneys' fees and costs, contending that defendants were not entitled to attorneys' fees and costs under Section 1132(g). On January 31, 2006, the court clerk taxed costs in the amount of $3,275.79 for defendants, reserving to the court the issues raised by plaintiffs in their objections to the costs. On February 7, 2006, plaintiffs moved the court for review of the taxation of costs.

## DISCUSSION

**I.     Attorneys' Fees and Costs Under ERISA Section 1132(g)**

Section 1132(g) of ERISA provides, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's

fee and costs of action to either party."[4]  It is well settled that the decision to award attorneys' fees and costs under this section is discretionary.[5]

In their amended memorandum, defendants cursorily contend that because they prevailed in this action, the court should award them attorneys' fees and costs.  Section 1132(g), however, does not provide that the prevailing party is automatically entitled to attorneys' fees and costs,[6] and in the Tenth Circuit, courts do not award attorneys' fees and costs under Section 1132(g) as a matter of course.[7]  Rather, in general Tenth Circuit courts consider the following factors when deciding whether to award attorneys' fees and costs under Section 1132(g):

> "(1) [T]he degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions."[8]

These factors are not exclusive[9] and no single factor is dispositive.[10]

---

[4] 29 U.S.C. § 1132(g)(1).

[5] *See, e.g., McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992).

[6] *See* 29 U.S.C. § 1132(g)(1).

[7] *See McGee,* 953 F.2d at 1209 (citing *Pratt v. Petroleum Prod. Mgmt., Inc.*, 920 F.2d 651, 658 (10th Cir. 1990); *Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983)).

[8] *McGee*, 953 F.2d at 1209 n.17 (quoting *Gordon*, 724 F.2d at 109).

[9] *See Thorpe v. Retirement Plan of the Pillsbury Co.*, 80 F.3d 439, 445 (10th Cir. 1996).

[10] *See McGee*, 953 F.2d at 1209 n.17.

For the first time in their reply memorandum, defendants acknowledge and apply the factors. "A reply memorandum must be limited to rebuttal of matters raised in the memorandum opposing the motion."[11] Plaintiffs raised the factors in their objections. Plaintiffs, however, first correctly noted that defendants are not entitled to attorneys' fees and costs under Section 1132(g) merely because defendants prevailed.

Acknowledging and applying the factors for the first time in the reply brief is improper. The court could summarily deny defendants' motion for attorneys' fees and costs based on the cursory argument – that they are prevailing parties – presented in their opening memorandum as amended. After considering the relevant factors, however, the court denies defendants' requested attorneys' fees and costs.

        *A.*     *Culpability or Bad Faith*

Defendants do not argue that plaintiffs brought their claims in bad faith. The court finds no evidence that plaintiffs brought their claims in bad faith. Accordingly, this factor weighs in favor of plaintiffs.

        *B.*     *Ability to Satisfy an Award*

Plaintiffs argue that many of the individual plaintiffs have been forced into bankruptcy, foreclosure, or have drained their family savings accounts to pay medical costs that should have been paid by Mr. Devine and the plan. The record evidences that individual plaintiffs suffered financial setbacks. Defendants do not dispute that this factor weighs in favor of the individual plaintiffs. Thus, the second factor weighs in favor of the individual plaintiffs.

---

[11] D.U. Civ. R. 7-1(b)(3).

Defendants allege that the medical-care-providers assignees are "insitutional litigants" with means to satisfy an award of attorneys' fees and/or costs. While the allegation may be true, the court cannot say on this record that it is true. Accordingly, as to the providers assignees this factor does not weigh in favor of defendants or plaintiffs.

      C.     *Deterrence*

Plaintiffs argue that an award of attorneys' fees or costs would have a chilling effect on future ERISA plaintiffs, thus thwarting one of the purposes of ERISA – to protect pension/medical plan participants and beneficiaries. Defendants acknowledge that they failed to pay plaintiffs' claims, but respond that the same does not amount to a breach of fiduciary duty. Defendants further respond that plaintiffs brought this action only after State Line – which chose to self-fund the plan – filed bankruptcy, making the medical providers' state collection action "futile." Defendants argue that the institutional medical-care-provider assignees should be discouraged from using their patients to escort them in the back door of the courthouse when their remedies against individual defendants are foreclosed.

In this case, the court agrees with plaintiffs that awarding defendants fees and costs would undermine ERISA's remedial purpose. Thus, this factor weighs in favor of plaintiffs.

      D.     *Benefit to all Participants and Beneficiaries of an ERISA Plan/Resolution of a Significant Legal Question Regarding ERISA*

Based on defendants' motion, this matter resolved whether unpaid benefits claims must be asserted against a plan. As defendants acknowledge, this matter also resolved the issue of whether Mr. Devine, a corporate officer and ERISA fiduciary, reasonably used business judgment in allocating corporate resources. This, however, was at best a mixed issue of law and

fact, which necessitated the trial. Additionally, plaintiffs sought to benefit participants and beneficiaries, but obtained no benefit. The court finds that this factor weighs in favor of plaintiffs.

### E.   Relative Merits of the Parties' Positions

The court agrees with defendants that this factor weighs in their favor. All but one of the ERISA claims failed as a matter of law. All but one defendant was dismissed for lack of evidence. Following a bench trial, the court ultimately determined that plaintiffs' position as to the remaining defendant, Mr. Devine, had no legal or factual merit. This factor, however, does not outweigh the other factors.

After considering the aforementioned factors in light of the record, the court determines that an award of fees and costs to defendants is not appropriate under the circumstances. Accordingly, the court denies defendants' motion for fees and costs under Section 1132(g).

## II.   Motion for Review of Court Clerk's Taxation of Costs

Plaintiffs move the court to review the court clerk's taxation of costs. The clerk taxed costs, reserving to the court plaintiffs' arguments for disallowing costs. D.U. Civ. R. 54-2 provides that a memorandum of costs must "set forth the statutory basis for seeking reimbursement . . . of costs."[12] In their memorandum of costs, defendants sought costs only under Section 1132(g). Citing authorities from other jurisdictions,[13] plaintiffs contend that under

---

[12] D.U. Civ. R. 54-2(a)(ii).

[13] *See Glennie v. Abitibi-Price Corp.*, No. 4:94-CV-25, 1996 U.S. Dist. WL 495573 at *2 (W.D. Mich. June 7, 1996) (citing *Nichol v. Pullman Std., Inc.*, 889 F.2d 115, 121 (7th Cir. 1989); *Fogerty v. Fantasy*, *Inc.*, 510 U.S. 517 (1994)); *see also Keach v. U.S. Trust Co.,* 338 F.

section 1132(g), costs may not be awarded as a matter of course and the factors applied above govern. Defendants have cited no authority to the contrary. Moreover, defendants do not argue that taxation of costs is appropriate under Rule 54(d)(1) of the Federal Rules Civil Procedure. Accordingly, the court vacates the court clerk's taxation of costs.

## CONCLUSION

Defendants motion for attorneys' fees and costs under Section 1132(g) (#234) as amended by (#238) is hereby DENIED. Plaintiffs' motion for review (#244) is hereby GRANTED. The court clerks' taxation of costs (#243) is hereby VACATED. This case remains closed.

DATED this 19th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

Supp. 2d 931, 934 (C.D. Ill. 2004).